## LEWIS v. HOOK

1. MORTGAGES—PROPERTY—ESTATES—ESCHEAT—ESTOPPEL.

> Claim of plaintiffs, the public administrator of an estate and the purchasers of decedent's real property, that a mortgagee who recorded his mortgage on decedent's real property after decedent's death but before the public administrator was appointed and qualified is not entitled to the protection of the recording act because the property passed to the state by operation of law, thus perfecting title in the state before the recording of the mortgage *held*, without merit, because the mortgage was on record at all pertinent times during the transaction (MCLA § 565.25).

2. MORTGAGES—PROPERTY—ESTATES—ESTOPPEL.

> Claim of plaintiffs, the public administrator of an estate and the purchasers of decedent's real property, that a mortgagee is estopped from enforcing his mortgage on decedent's real property because he filed the mortgage note as a general claim against the estate and permitted, without objection, the sale of the property to plaintiff-purchasers *held*, without merit, since a secured creditor does not have to file a claim against an estate except as he may wish to protect himself against a deficiency in the security; a mortgagee named in a recorded mortgage is not required to inform the fiduciary of an estate or others of his lien on a deceased's property (CL 1948, § 708.1).

3. MORTGAGES—PROPERTY—ESTATES—ESTOPPEL.

> Claim of plaintiffs, the administrator of an estate and the purchasers of decedent's real property, that the failure of a mortgagee to assert his rights under his mortgage on decedent's

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 31 Am Jur 2d, Administrators and Executors §§ 270-311, 475.
45 Am Jur 2d, Recording and Records Laws § 137 *et seq.*

real property during the administration of the estate prejudiced the plaintiffs so that the mortgagee is estopped from foreclosure *held*, without merit, where there were no contacts between the mortgagee and the plaintiffs respecting the sale of the property, the mortgagee did not know of the impending sale, and the plaintiffs had constructive notice of the mortgage, since the mortgage had been recorded 26 months before execution of the deed to the purchasers.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 December 6, 1968, at Grand Rapids. (Docket No. 4,526.) Decided July 29, 1969.

Complaint by Alphonse Lewis, Jr., administrator of the estate of George Jones, deceased, and Beauregard and Barbara Stubblefield, against Alfred A. Hook to set aside a foreclosure and have a mortgage declared void. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Alphonse Lewis, Jr.*, for plaintiffs.

*Hayes & Davis*, for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and Corkin,* JJ.

Corkin, J. Plaintiff Lewis, as public administrator of Kent county, sold real estate owned by decedent Jones to plaintiffs, Beauregard and Barbara Stubblefield. Defendant Hook is the holder of a mortgage on the premises that was a matter of record at the time plaintiff Lewis qualified as administrator of the estate and at the time the premises were sold, but not at the time of decedent's death.

Following is a chronology of the events giving rise to this action:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

| October 1, 1960 | Mortgage by Jones to Hook |
| January 30, 1962 | Jones died |
| February 5, 1962 | Petition by public administrator filed |
| February 28, 1962 | Mortgage recorded by Hook |
| March 9, 1962 | Public administrator appointed and qualified |
| June 12, 1963 | Petition for license to sell real estate filed |
| November 15, 1963 | License to sell real estate issued |
| April 30, 1964 | Deed to Stubblefields |
| May 25, 1964 | Order confirming deed |
| October 27, 1964 | Final account in Jones estate |
| December 18, 1964 | Final account allowed |
| March 11, 1965 | Letter to plaintiffs, Beauregard and Barbara Stubblefield on foreclosure |

Plaintiff Lewis was advised on or about January 30, 1962, that decedent Jones had died leaving no known heirs and shortly thereafter was advised that Jones owned the premises in question. Sometime before February 5, 1962, plaintiff Lewis examined the records in the register of deeds office and ascertained that Jones owned the property and found no recorded and outstanding mortgage. Apparently, no subsequent title examination was made and the sale was consummated without benefit of an abstract of title.

During the course of administration, defendant filed the mortgage note as a claim against the estate and it was allowed as a fifth-class claim, no mention being made that the note was secured by a real estate mortgage. As the estate proved to be insolvent, no payment was made on fifth-class claims.

Publication on the mortgage foreclosure began May 26, 1965, and the sheriff's sale was held and deed issued September 8, 1965.

On September 7, 1965, plaintiffs filed suit to set aside the foreclosure proceedings and to have the mortgage declared void as to plaintiff Stubblefield.

It is plaintiffs' claim that defendant is not entitled to the protection of the recording act[1] because, on Jones' death, the property passed to the state by operation of law and thus title was perfected in the state before the recording of defendant's mortgage. The plaintiffs cite no authority that would sustain this claim.

In this case, defendant's mortgage was a matter of record when plaintiff Lewis became qualified to act as administrator of the estate, when he petitioned for and obtained license to sell and when plaintiffs Stubblefield purchased the property. Thus, at all pertinent and appropriate times relating to all three plaintiffs, the mortgage was on record and a conveyance of the premises would be subject to it.

Plaintiffs also claim that defendant is estopped from enforcing the mortgage because he filed a general claim and permitted, without objection, the sale of the property.

Having found that defendant's mortgage was effectively recorded at all pertinent times, it would follow that plaintiffs had constructive notice of the incumbrance.

The Probate Code provides in part:

"Subject to the right of homestead, to the widow's right of dower when elected by her, and to all prior charges against the estate, a decedent's or ward's estate, both real and personal, is subject to the payment of his debts, but no debts except those *which are secured by a lien upon the property of the decedent or ward shall be paid unless filed in the probate court and allowed by the court and secured claims not so proved shall be paid only when the probate court,*

---

[1] MCLA § 565.25 (Stat Ann 1969 Cum Supp § 26.543).

*upon hearing, shall determine that the property cov-*
*ered by such lien is worth more than the amount*
*of the indebtedness so secured."* (Emphasis sup-
plied.)   CL 1948, § 708.1 (Stat Ann 1962 Rev § 27-
.3178[411]).

The plain import of the statutory language is that
a secured creditor does not have to file a claim
against an estate except as he may wish to protect
himself against a deficiency in the security.   Nor
do we find a provision in the Probate Code requiring
the mortgagee named in a recorded mortgage to in-
form the fiduciary or others of his lien.

We find no merit in plaintiffs' claim that defend-
ant's failure to assert his rights under the mortgage
during administration prejudiced plaintiffs so that
defendant is now estopped from forcelosure.   There
were no contacts between defendant and plaintiffs
respecting the sale of the property nor does the rec-
ord show that defendant knew of the impending sale.
Add the fact that plaintiffs had constructive notice
of the existence of the mortgage and we have a
situation devoid of the elements of estoppel.

The hard fact of this case is that real estate was
sold without properly searching the record so that a
mortgage that had been of record for 26 months
before the execution of the deed of conveyance went
unnoticed.

The decision of the circuit court is affirmed.   Costs
to defendant.

All concurred.